NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BARBARA BAUER, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil No. 07-4501 (AET) |
| JENNA GLATZER, et al., | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

THOMPSON, U.S.D.J.

This matter is before the Court upon Plaintiffs Barbara Bauer and Barbara Bauer Literary Agency, Inc's (collectively, "Plaintiffs") Motion to Remand. The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiffs' Motion is granted.

BACKGROUND

The parties are presumed to be familiar with the factual background set forth in the Court's prior Memorandum and Order entered July 17, 2007 ("July 17th Opinion"). The July 17th Opinion granted Plaintiffs' earlier Motion to Remand because Defendants could not demonstrate that each had "unambiguously and independently express[ed] . . . consent" to Defendant Victoria C. Strauss's removal. (July 17th Op. 5.) Following the Court's remand of this action to the Superior Court of New Jersey, Monmouth County, Defendant Ann C. Crispin was served with a copy of the summons and complaint on or about August 30, 2007.[1] (Barber

---

[1] On September 12, 2007, Plaintiffs subsequently filed an Amended Complaint in state court that includes two additional counts. (Pls.' Ex. 3.)

Cert., ¶ 14.) On September 20, 2007, Defendant Crispin timely filed a Notice of Removal. (Id., ¶ 15.) Defendant Crispin relied on prior representations made by other Defendants in connection with Defendant Strauss's removal that they consented to the instant removal. (Id., ¶¶ 11-12.)

Mr. Barber further asserts that, as of the time he filed Defendant Crispin's removal notice, he believed that Defendant Stephan Spencer, a Wisconsin resident, had not been served with a copy of the complaint and summons and, therefore, had not formally been made a party to the action. (Id., ¶ 16; Pls.' Ex. 3 at 23.) Mr. Barber had spoken to Alan Korpady, an attorney who had represented Defendant Spencer in connection with other matters, prior to filing Defendant Strauss's Notice of Removal on May 25, 2007. Mr. Korpady advised Mr. Barber that Defendant Spencer had not been served, and Mr. Barber asserts that he believed that Mr. Korpady would contact him once service of process had been effected upon Defendant Spencer. (Barber Cert., ¶ 12.) In addition, John Campbell, an attorney who represents several other Defendants in this matter, sent Barber a copy of the results of a search of the Superior Court records, which contained no indication that Defendant Spencer had been served as of the time Defendant Crispin filed her removal notice. (Id., ¶ 18.) Mr. Barber himself contacted the Superior Court of New Jersey, Monmouth County, to confirm that there was no record of service having been made upon Defendant Spencer. (Id.)

On September 25, 2007, Mr. Korpady contacted Mr. Barber to advise him that Defendant Spencer had been served and consented to Defendant Crispin's removal of the action. (Id., ¶¶ 19-20.) That same day, Mr. Barber mailed a letter to Mr. Korpady to confirm Spencer's consent in writing. (Id., ¶ 21.) Mr. Barber heard nothing further from Mr. Korpady, but on October 18, 2007, one of Defendant Spencer's local counsel, Michael K. Mullen, informed Mr. Barber that

Defendant Spencer consented to the removal. (Id., ¶ 22.) On October 19, 2007, Mr. Campbell, another of Defendant Spencer's attorneys, wrote to the Court confirming his client's consent to removal in writing. (Id., ¶ 23.)

## DISCUSSION

A.  Standard of Review for Remand

Removal of a state action to federal court is proper if the matter could have been brought originally in federal court. 28 U.S.C. § 1441(a). A removing defendant has the burden of showing federal jurisdiction is proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The federal statutes governing removal are strictly construed in favor of remand. Id. In the interests of federalism and comity, federal courts construe removal narrowly, "confin[ing] their own jurisdiction . . . [and] resolving any doubts in favor of remand." Gateway 2000, Inc. v. Cyrix Corp., 942 F. Supp. 985, 989 (D.N.J. 1996) (internal citations and quotations omitted). Where there are multiple defendants, all defendants must consent to and join in the notice of removal, Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995), although an exception to this unanimity requirement exists where "a non-resident defendant has not been served at the time the removing defendants filed their petition." Id. at 213 n.4. The defendants' consent must be "official and unambiguous . . . ." Leuzzi v. Dollar Tree Stores Inc., No. 05-4814, 2005 WL 2972982, at *1 (E.D. Pa. Nov. 4, 2005). Although each defendant need not have signed the removal notice, he or she should provide "unambiguous *written* evidence of consent to the court in timely fashion." Michaels v. New Jersey, 955 F. Supp. 315, 321 (D.N.J. 1996) (emphasis in original). This consent may take the form of "filing [defendant's] own notice of removal, an affidavit of joinder or consent, or even a letter provid[ing] the court with a written entry that

would unequivocally bind the allegedly consenting defendants." Id.  Consent to removal must be communicated to the court within thirty days after service of process has been effected.  28 U.S.C. § 1446(b); see Michaels, 955 F. Supp. at 322 (noting thirty-day time limitation to remove action to federal court).

B.   Defendant Spencer's Consent

Plaintiffs argue that this case should be remanded because (1) consent by Defendants was not unanimous, as Defendant Spencer had not joined in Defendant Crispin's removal; and (2) Defendant Spencer's consent was not timely.  Defendant Crispin contends that Defendant Spencer's consent to the removal was not required at the time she filed the removal notice because he was not served and made a party to the action until September 7, 2007.  Defendant Spencer verbally consented to removal through his counsel on September 25, 2007,  and provided written consent in a letter sent to the Court on October 19, 2007.  Thus, Defendant Crispin argues that, because Defendant Spencer verbally consented approximately eighteen days after he was served, his consent to removal was timely.

The Court finds that, because Spencer is a non-resident defendant who had not been served at the time Defendant Crispin filed the Notice of Removal, Spencer's lack of consent does not defeat the unanimity requirement.  However, the Court finds that Defendant Spencer's consent to removal was not timely.  His written consent was filed with the Court on October 19, 2007, more than the thirty days following service of process allowed by 28 U.S.C. § 1446(b). While Defendant Spencer may have verbally consented to the removal of this action to Crispin's counsel within the thirty-day period, Defendant Crispin cannot purport to speak on behalf of another defendant now to support her opposition to Plaintiffs' Motion for Remand.  See

Henderson v. Holmes, 920 F. Supp. 1184, 1187 (D. Kan. 1996) (noting that one defendant may not attempt to "speak on behalf of another defendant" on the issue of consent). Thus, because Defendant Spencer's consent to removal was not timely, the Court remands this action to the Superior Court of New Jersey, Monmouth County.

C.     Attorney's Fees

Plaintiffs' counsel has submitted a Certification of Services setting forth the basis for approximately $3175.00 in attorney's fees incurred for spending 31 3/4 hours "reviewing defendants' removal petition, researching the law, and preparing the brief and supporting papers in support of plaintiffs' Motion to Remand" (Martin Cert. of Services, ¶ 3) and "reviewing [Defendants' opposition] brief and accompanying Certifications, researching the law, and preparing the plaintiffs' Reply Brief and supporting papers." (Martin Cert., ¶ 2.)

28 U.S.C. § 1447(c) provides, in some circumstances, for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." It is within the Court's discretion to award attorney's fees, and, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

The Court does not find that Defendant Crispin lacked an objectively reasonable basis for removal. At the time she filed her Notice of Removal, Defendant Spencer had not yet been served. Crispin's attorney spoke with Defendant Spencer's counsel within the thirty-day statutory period following service of process upon Spencer, and informed him that Defendant Spencer's written consent to removal was required. The basis for Defendant Crispin's removal

to the Court is not rendered unreasonable simply because Defendant Spencer did not comply with the procedural requirements of 28 U.S.C. § 1446(b).  Thus, the Court declines to award attorney's fees to Plaintiffs.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 17th day of December, 2007,

ORDERED that Plaintiffs Barbara Bauer and Barbara Bauer Literary Agency, Inc.'s Motion to Remand [14] is GRANTED; and it is further

ORDERED that Plaintiffs Barbara Bauer and Barbara Bauer Literary Agency, Inc.'s Application for an award of attorney's fees is DENIED; and it is further

ORDERED that Defendant Kent Brewster's Motion to Dismiss for Lack of Jurisdiction [5] is DENIED as moot; and it is further

ORDERED that Defendants Jenna Glatzer and Macallister Stone's Motion to Dismiss for Lack of Jurisdiction [6] is DENIED as moot; and it is further

ORDERED that Defendant David L. Kuzminski's Motion to Dismiss for Lack of Jurisdiction [7] is DENIED as moot; and it is further

ORDERED that Defendant James D. MacDonald's Motion to Dismiss for Lack of Jurisdiction [8] is DENIED as moot; and it is further

ORDERED that Defendant Patrick Nielsen-Hayden's Motion to Dismiss for Lack of Jurisdiction [9] is DENIED as moot; and it is further

ORDERED that Defendant Teresa Nielsen-Hayden's Motion to Dismiss for Lack of Jurisdiction [10] is DENIED as moot; and it is further

ORDERED that Defendant Thomas S. Tully's Motion to Dismiss for Lack of Jurisdiction [11] is DENIED as moot; and it is further

ORDERED that Defendant Lesia Valentine's Motion to Dismiss for Lack of Jurisdiction [12] is DENIED as moot; and it is further

ORDERED that Defendant Stephan Spencer's Motion to Dismiss for Lack of Jurisdiction [24] is DENIED as moot; and it is further

ORDERED that this case is closed.

s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.